McKINSTRY v. MATTHEWS.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   In reviewing judgment for defendant on directed verdict, evidence must be viewed in light most favorable to plaintiff.

2. PHYSICIANS AND SURGEONS—MALPRACTICE—QUESTION FOR JURY.
   In action for malpractice, based on defendant's alleged negligence in failing to remove batting sponge after operation for removal of plaintiff's tonsils, evidence *held*, to present question for jury.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 5, 1933. (Docket No. 31, Calendar No. 36,799.)   Decided March 2, 1933.

Case by Bernice L. McKinstry against Wallace R. Matthews for malpractice. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial ordered.

*Longley, Bogle & Middleton,* for plaintiff.

*Brown, Stoneman, Lorenzo & Springstun,* for defendant.

CLARK, J.   On October 18, 1927, defendant, a physician and surgeon, removed plaintiff's tonsils. There was general anæsthetic. Because of the bleeding, small pieces of absorbent material, known as sponges, were used. The manner of use, as defendant testified, was to insert a sponge in a hemostat, apply it, and, when saturated, remove it, repeating the applications until bleeding had stopped sufficiently. Defendant testified the sponges were of

gauze, while plaintiff had testimony they were of batting, about one inch in length and of smaller diameter. After the operation, plaintiff had a severe cough, pain in the left chest, peculiar expectoration, and fever. Near January 1, 1928, she consulted another physician, who found lung abscess. Among other efforts to be cured, plaintiff went to a clinic in Philadelphia, where, by successive operations, a hole was burned with a cautery through the pleura and into the lower lobe of the lung for purpose of draining the abscess. On February 2, 1930, during a sort of lung hemorrhage, plaintiff coughed up a batting sponge. In the operation in Philadelphia, gauze was used, and if any batting was used in treatment to swab the wound and was left in the wound, it would normally be discharged by way of the wound, and would not be coughed up. In removing tonsils there is danger of foreign and infected matter getting into air passages of the lungs, especially by gasping and heavy breathing of patient, and a natural result thereof is lung abscess.

On motion, a verdict was directed for defendant, and, from judgment thereon, plaintiff has appealed.

On the question of whether verdict was properly directed against plaintiff, the evidence must be viewed in the light most favorable to her. The record is that plaintiff coughed from the lung or its passages, a batting sponge. How did it get into the lung? There is evidence negativing its getting there by way of the operation in Philadelphia, and a jury would be justified in so finding on this record, and a jury might find the remaining opportunity to be in the operation done by defendant. And this finding might have support in the element of time, for the lung abscess, a natural result of the entry of the foreign matter into the lung, followed defendant's oper-

ating. If this be the finding, then it should be noted that it is not a case where losing the sponge was observed and prompt and proper effort made toward correction, but a case where the sponge was lost unobserved and negligently, and it stands on a par, as regards negligence, with those cases where sponges have been left in incisions. The rule in such cases is stated in 21 R. C. L. p. 388:

"Probably the most common instance of malpractice which is brought into the courts arises out of surgical cases where the physician or attendant has left a sponge in the wound after the incision has been closed. That this is plainly negligence there is no doubt at all, and it matters not at all that many physicians testify that the best of surgeons sometimes leave a sponge or some other foreign substance in the bodies of their patients, for this is testimony merely to the effect that almost everyone is at times negligent. Whether the particular act was negligent is for the jury to decide after considering the circumstances of the case."

And see note 65 A. L. R. 1023.

The question of negligence was for the jury. As to opinion evidence, see *DeGroot* v. *Winter,* 261 Mich. 660.

Reversed, with costs to appellant. New trial granted.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.